OAO106 (Rev. 12/03) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT

DISTRICT OF  MASSACHUSETTS

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)
AOL account 061-6223-250, 22000 AOL Way, Dulles, Virginia

APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT

Case Number: 07-mj-21-LTS

I, Lisa Tutty                                              being duly sworn depose and say:

I am a(n) Special Agent of the FBI                                and have reason to believe
Official Title

that ☐ on the person of or ☑ on the property or premises known as (name, description and/or location)
AOL account 061-6223-250, 22000 AOL Way, Dulles, Virginia

in the                                              District of  Massachusetts

there is now concealed a certain person or property, namely (describe the person or property to be seized)
see Schedule A attached hereto

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)
property that constitutes evidence of a criminal offense, contraband and things otherwise criminally possessed and property that has been used as a means of committing a criminal offense

concerning a violation of Title  18           United States code, Section(s)  2252

The facts to support a finding of probable cause are as follows:
see attached affidavit of Lisa Tutty

Continued on the attached sheet and made a part hereof:  ☑ Yes  ☐ No

_Lisa Tutty, FBI_
Signature of Affiant

Sworn to before me and subscribed in my presence,

October 3, 2007                                              at  Boston, MA
Date                                                                        City            State

Leo T. Sorokin, U.S. Magistrate Judge
Name of Judge        Title of Judge                Signature of Judge

## AFFIDAVIT OF SPECIAL AGENT LISA M. TUTTY

I, Lisa M. Tutty, being duly sworn, hereby depose and say:

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI), United States Department of Justice, and have been so employed for over sixteen years. I am currently assigned to the Cyber Crimes Squad of the Boston Field Office of the FBI. As a member of this squad, my responsibilities include the investigation of various criminal offenses, including the investigation of crimes involving the sexual exploitation of children utilizing computer telecommunications.

2. This affidavit is submitted in support of an application for a warrant to search the America Online (AOL) account number 061-6223-250, the account of Dianne Gamere, 93 Fuller Street, Brookline, Massachusetts, said account being located at AOL, 22000 AOL Way, Dulles, Virginia, pursuant to Rule 41 of the Federal Rules of Criminal Procedure and section 220 of the USA-Patriot Act (18 U.S.C. section 2703 & 2711, as amended by the Act).

3. The information set forth in this affidavit is based on investigation conducted by this affiant and other law enforcement agents. This affidavit does not contain every fact known to me with respect to this investigation. Rather, it contains those facts that I believe to be necessary to establish probable cause

for issuance of a search warrant. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of violations of Title 18, U.S.C., Section 2252, the receipt, transmission, and possession of child pornography, will be found in AOL account number 061-6223-250, in the name of Dianne Gamere.

## RELEVANT STATUTES

4. Title 18, United States Code, Section 2252, makes it illegal for any person to knowingly transport, ship, receive, distribute, reproduce for distribution, sell, possess with intent to sell, or possess visual depictions that affect interstate commerce, if: (1) the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct; and (2) such visual depiction is of such conduct. Each subsection of Section 2252 specifically refers to computers as one means by which a visual depiction may travel in and/or otherwise affect interstate commerce.

5. Title 18, United States Code, Section 2256 provides the definitions for Section 2252. A "minor" is any person under the age of 18 years old. "Sexually explicit conduct" includes actual or simulated sexual intercourse (including genital-genital, oral-genital, anal-genital, or oral-anal), bestiality, masturbation,

sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person. "Producing" means producing, directing, manufacturing, issuing, publishing or advertising. A "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

6. For purposes of this affidavit, any individual below the age of 18 will be referred to as a "child" or "minor," and any visual depiction of a child or minor engaging in "sexually explicit conduct," as that term is defined in Title 18, United States Code, Section 2256, will be referred to as "child pornography."

## THE INTERNET

7. The Internet is a worldwide network of computer systems operated by governmental entities, corporations, and universities. In order to access the Internet, an individual computer user must subscribe to an access provider, such as America Online, which operates a host computer system with direct access to the Internet.

### America Online

8. AOL is an Internet Service Provider (ISP) that offers its users access to chat rooms, email, and instant messaging. Within these chat rooms, users can post messages to all the users

in the room and/or communicate directly with an individual user in that room, or any user logged into the AOL network. Chat and instant messaging are real-time typewritten conversations between people, much like a verbal conversation. AOL also offers e-mail service for its users. Within the AOL system, text messages and graphic images (such as photographs) can be sent to/from AOL users, or to any person with an Internet e-mail address. Both text and graphic image files can be saved to a computer disk drive for access and printing at any time. Each AOL subscriber must have access to a computer which communicates through a modem connected to telephone or cable lines. Another feature offered to many AOL subscribers is a "buddy list." Through this feature an AOL subscriber can maintain a list of individual AOL screen names that they may wish to have contact with. This feature allows an individual to determine when their "buddies" are online. Your affiant is aware that an AOL subscriber's buddy list is available through AOL. As a result of prior investigations participated in by your affiant involving AOL subscribers, I am aware that buddy lists often contain the screen names of individuals with which an offender has exchanged child pornography or attempted to persuade, induce, entice, or coerce a person under the age of 18 to engage in illegal sexual activity via e-mail and instant messaging.

4

## OVERALL BACKGROUND

9.  The FBI, as well as numerous international law enforcement agencies, is currently conducting undercover operations targeting individuals who use online telecommunications facilities (the Internet) to transmit and receive child pornography and/or to lure children into illicit sexual relationships.

10. One area by which individuals transmit and receive child pornography via the Internet is through the use of AOL chat rooms and List Serves. An AOL chat room is a meeting place in which individuals with similar interests can meet to exchange text messages and/or graphic image files. There are thousands of chat rooms available on AOL, each devoted to a particular topic.

11. For example, a person interested in obtaining child pornographic images might enter a chat room entitled childsex, find individuals listing images of child pornography to trade and request to be added to that person's email/distribution list. That person requesting to be added would then be sent any images of child pornography that the original poster was trading or making available.

12. Based on my training and experience, I know that people with a sexual interest in children almost always maintain and

possess their collection, including films, videotapes, correspondence and source information, within a private and secure location, such as on computers and computer servers to which they have access. In addition, I know that people with a sexual interest in children typically retain their materials and related information for many years. They are known to correspond with one another, and will meet with one another to share information and material in an effort to increase the size of their collections. Based on the information contained below, I believe that the individual utilizing the screen name "GreatGamere" is a person with a sexual interest in children.

## BACKGROUND OF THIS INVESTIGATION

13. On March 29, 2007, FBI SA Wade Luders, operating in an undercover capacity, logged into AOL and visited several chat rooms. Between approximately 9:54 pm and 11:30 pm, an individual contacted SA Luders' undercover persona and engaged in a chat regarding various sexual topics. During the course of this chat, the individual sent three e-mails containing child pornography to SA Luders.

14. Upon reviewing these e-mails, SA Luders identified several other AOL screen names that were shown to have forwarded the e-mails, including the illegal content. One such e-mail contained a video of child pornography entitled "Liluplanet Lord

6

of the Rings".

15. This video, of approximately ten minutes, is of a prepubescent female engaged in oral sex and anal intercourse with an adult male.

16. One of the AOL screen names that had forwarded the e-mail with the above described video attached was GreatGamere. GreatGamere had forwarded the e-mail and video to an individual (Sparky08254) on February 6, 2007. The video was thereafter forwarded (by Sparky08254) through two additional AOL subscribers (to Brcky2481 to Jefdean60) before ultimately being forwarded (by Jefdean60) to SA Luders on March 29, 2007.

17. The history of the e-mail and video, which is exhibited on the e-mail itself, shows that GreatGamere had originally received the video via e-mail when it was forwarded to him/her on June 10, 2006. After receiving this video via e-mail, GreatGamere proceeded to forward the video via e-mail to himself/herself every several weeks, in increments never to exceed 30 days. The following list shows the activity of the

video and the number of days elapsed:

| June 10, 2006    | GreatGamere receives video |         |
|------------------|----------------------------|---------|
| July6,2006       | Forwards to self           | 27 Days |
| August 2, 2006   | Forwards to self           | 27 Days |
| August28,2006    | Forwards to self           | 26 Days |
| September 23,    | Forwards to self           | 26 Days |
| October 18,      | Forwards to self           | 25 Days |
| November 14, 2006| Forwards to self           | 27 Days |
| December 8,2006  | Forwards to self           | 24 Days |
| January 3, 2007  | Forwards to self           | 26 Days |
| January 29,      | Forwards to self           | 26 Days |
| February 6,      | Forwards video via e-mail  |         |

18. I know that AOL will delete unread emails in a user's account after 28 to 30 days. Emailing files to oneself every 28 to 30 days is one way to prevent AOL from deleting the file.

19. Investigation has shown that the AOL screen name GreatGamere had been encountered in prior FBI undercover investigations to include the following.

20. On December 13, 2005, FBI SA Steven Forrest, acting in an undercover capacity online, received a video via e-mail from

8

an individual. The video, entitled "boys-long.wmv," is over 9 minutes in length and depicts several scenes of adolescent boys (ages unknown) engaged in various sexual acts. The history of the e-mail reveals that the AOL screen name GreatGamere had received the video via e-mail on July 25, 2005. The person using screen name GreatGamere then proceeded to forward the video to himself/herself via AOL e-mail in increments not to exceed 30 days over the course of five (5) months. The video was forwarded from GreatGamere to another AOL subscriber, then another AOL subscriber, who then forwarded the e-mail and video attachment to SA Forrest.

21. On that same day, December 13, 2005, SA Forrest received a second email with a video attachment from the same individual. The video, entitled "!!!Ybonbed.wmv," is approximately 2 minutes in length and depicts two young boys, one of whom appears to be an adolescent, the other of whom appears younger (ages unknown) lying naked on a bed, engaged in sexual activity. The history of the e-mail reveals that the AOL screen name GreatGamere had received the video via e-mail on September 15, 2005, then proceeded to forward the video to himself/herself via e-mail in increments not to exceed 30 days over the course of three (3) months. The video was forwarded by GreatGamere to another AOL subscriber who in turn forwarded it to another AOL

subscriber who then forwarded the email and video attachment to SA Forrest.

22.  On December 30, 2005, FBI SA Steven Forrest, acting in an undercover capacity online, received a video via e-mail from an individual. The video, entitled "3boys1girlyounger_chunk_6.mpg," is approximately 1:20 minutes in length and depicts three adolescent boys engaged in sexual acts with an adolescent girl (ages unknown). The history of the e-mail reveals that the individual using AOL screen name GreatGamere had received the video via e-mail on December 16, 2005, then forwarded the video to the individual who forwarded it to SA Forrest.

23.  On March 28, 2006, FBI SA Steven Forrest, online in an undercover capacity, received a video via e-mail from an individual. The video, entitled "famexp15.mpg," is approximately 26 seconds in length and depicts an adolescent female and an adult female engaged in sexual activity. The history of the e-mail reveals that the AOL screen name GreatGamere had received the video via e-mail on December 27, 2005, then proceeded to forward the video to himself/herself via e-mail three (3) times in increments not to exceed 30 days. The video was forwarded by way of email from GreatGamere to two subsequent AOL subscribers before being forwarded to SA Forrest.

24. On that same day, March 28, 2006, SA Forrest received a second e-mail and video attachment from the same individual. The video, entitled "Childlover little_Collection_Video_0077.mpg," is approximately 20 seconds in length and depicts a prepubescent female and prepubescent male, naked on a bed, engaged in sexual activity. The history of the e-mail reveals that the individual using AOL screen name GreatGamere had received the video via e-mail on December 27, 2005, then proceeded to forward the video to himself/herself via e-mail in increments not to exceed 30 days over the course of three (3) months. The video was forwarded by GreatGamere to two subsequent AOL subscribers via e-mail before being forwarded to SA Forrest.

25. On April 10, 2007, results from an administrative subpoena served upon AOL revealed that the screen name GreatGamere was assigned to an account in the name of Dianne Gamere, 93 Fuller St., Brookline, MA, 02446. The AOL account was opened on January 29, 2000.

26. On July 24, 2007, results from an administrative subpoena served upon AOL revealed that the account remains active under the name Dianne Gamere at 93 Fuller St., Brookline, MA, and that the screen name GreatGamere remains active.

27. An Autotrack query was conducted and revealed that Dianne Gamere, date of birth 09/11/1945, resides at 93 Fuller

St., Brookline, MA, 02446. Autotrack also showed Robert C. Gamere, date of birth 11/02/1938, also resides at 93 Fuller St., Brookline, MA, 02446.

28. A query of the Massachusetts Registry of Motor Vehicles (RMV) records shows Robert Gamere, date of birth 11/02/1938, lists his address as 93 Fuller St., Brookline, MA, 02446.

COMPUTER EVIDENCE

29. Because voluminous amounts of information can be stored in a computer account, and because it might be stored in a deceptive order or with deceptive file names to conceal criminal activity, the searching authorities must examine all the stored data to determine which files are evidence, fruits, or instrumentalities of the crime. This sorting process can be very time consuming and would be impractical to do at America Online, Inc.'s offices. Moreover, the sorting process should be done in a controlled environment because of the vast array of computer hardware and software that might be necessary even for computer experts to analyze the data, in order to insure the integrity of the data recovered. Therefore, your affiant requests authority to seize all electronic mail (e-mail) communications and other records as more fully set out below, including any attached files, and other content stored in this account, to be searched off-site.

30. The FBI will review the records and e-mail communications to segregate those pertaining to a violation of Title 18, U.S.C. Section 2522, which makes it illegal for any person to knowingly transport, ship, receive, distribute, reproduce for distribution, sell, possess with intent to sell, or possess visual depictions that affect interstate commerce, if: (1) the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct; and (2) such visual depiction is of such conduct.

CONCLUSION

31. Based on the foregoing facts, to the best of my knowledge and belief, there is probable cause to believe that Dianne Gamere, 93 Fuller Street, Brookline, Massachusetts, and/or others as yet unidentified, has committed crimes of the receipt, and possession of child pornography, in violation of Title 18, United States Code, Section 2252, and that Gamere is a collector of child pornography. I base this belief on the length of time the person using the AOL screen name GreatGamere has been sending/receiving videos depicting children engaging in sexual activity to themselves and others, and the number of undercover sessions in which he/she has been identified.

32. Based on the foregoing, your affiant respectfully submits that there is probable cause for issuance of a warrant to

search America Online (AOL) account number 061-6223-250, in the name of Dianne Gamere, 93 Fuller Street, Brookline, Massachusetts, said account being located at AOL, 22000 AOL Way, Dulles, Virginia, pursuant to Rule 41 of the Federal Rules of Criminal Procedure and section 220 of the USA-Patriot Act (18 U.S.C. §2703 & §2701, as amended by the Act) for committing violations of Title 18 United States Code, Section 2252.

_____
Lisa M. Tutty
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 3rd day of October ~~September~~, 2007

_____
LEO T. SOROKIN
United States Magistrate Judge

I have reviewed a video from the files referenced above, and I find probable cause to believe they depict minors engaged in sexually explicit conduct as those terms are defined in paragraph 5 above. The United States Attorney's Office shall preserve the video provided to the Court, for the duration of the pendency of this matter, including any relevant appeal process.

_____
LEO T. SOROKIN
United States Magistrate Judge

## SCHEDULE A - Items to be seized

The AOL account number 061-6223-250, to seize the following:

Subscriber information, billing information, terms of service complaints, and all records related to terms of service complaints, account notes and the creation date which pertains to account number 061-62223-250

Records of subscriber account preferences in the form of "buddy lists," "favorite places," and "member profiles;"

Any and all documents, including electronic mail communications and attachments, referencing the screen name "GreatGamere;"

Any visual depictions of minors engaged in sexually explicit conduct;

Any and all documents, including electronic mail communications and attachments, evidencing the knowing possession, receipt or distribution of visual depictions of minors engaged in sexually explicit conduct.

## Attachment B

### Search Procedure

1. The search warrant will be faxed to AOL personnel who will be asked to isolate the accounts and files described in Attachment A.

2. In order to minimize disruption of computer service to innocent third parties, AOL employees will create an exact duplicate of the content and other records described in Attachment A.

3. AOL employees will provide the exact duplicate, in electronic format, of the content and other records described in Attachment A to FBI agent Lisa Tutty.

4. Law enforcement personnel will review the content and other records AOL provides and then identify and retain the material authorized by Attachment A. Any other records will be sealed and will not be further reviewed absent a court order.